[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

No. 09-10378
Non-Argument Calendar

_____

D. C. Docket No. 95-02414-CV-FAM

EMMA LEE PAUL,
of Miami, Florida,

                                                    Plaintiff-Appellant,

versus

WILLIAM MORROW AND COMPANY, INC.,
of New York, New York,
CBS, INC.,
of New York, New York,
SIMON & SCHUSTER, INC.,
of New York, New York,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Emma Lee Paul, proceeding pro se, appeals the district court's denial of her latest motion for reconsideration of its 1997 order granting summary judgment against her. This case began fifteen years ago when Paul sued William Morrow, CBS, and Simon & Schuster under the Copyright Act, 17 U.S.C. §§ 101–1330. Paul alleged that the late author Alex Haley copied from her unpublished autobiographical manuscript The Bold Truth, and that the defendants infringed on her copyright when they produced the book, television miniseries, and audiocassette tape versions of Alex Haley's Queen. In granting summary judgment for the defendants, the district court found that Paul failed to establish direct copying from her work, access to her work by Haley, or substantial similarity between the two works. See Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994) (stating test for proof of infringement). In 1998, this Court affirmed the district court's grant of summary judgment and final judgment. Since then, Paul has filed ten motions seeking reconsideration or relief from the judgment. Each time, the district court dismissed her motion for lack of jurisdiction because the time limit for seeking such relief had long since expired.

Paul argues that the district court abused its discretion by denying her most

2

recent "Rule 7.16" motion for reconsideration, as it had denied her three identical previous motions. Although there is no "Rule 7.16" in either the Federal Rules or the district court's local rules, Paul's motion sought relief from judgment on the ground of newly discovered evidence. See Fed. R. Civ. P. 60(b)(2).[1] She presented what she claimed was new evidence showing that Haley did in fact have access to her unpublished manuscript.

We review de novo the district court's determination that it lacked subject matter jurisdiction. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). We review the denial of a motion for reconsideration or a Rule 60(b) motion for abuse of discretion. Equity Investment Partners, LP v. Lenz, 594 F.3d 1338, 1342 (11th Cir. 2010); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). Although "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," this obligation "is not the equivalent of a duty to re-write [a complaint] for [the plaintiff]." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

At the time, the Federal Rules required a motion for reconsideration to be filed within ten days of the district court's entry of judgment. Fed. R. Civ. P.

---

[1] Paul also seeks relief on the ground of a "change of law," but she never identifies any change in the law controlling her claim.

59(e).[2]  That deadline expired thirteen years ago.  When a motion for reconsideration is filed outside this time limit, it "is cognizable only as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)."  Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003).  Under Rule 60(b), the district court may vacate a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"—i.e., within ten days following the entry of judgment—if the plaintiff files the motion within one year after the entry of the challenged judgment.  Fed. R. Civ. P. 60(b)(2), (c)(1); see Fed. R. Civ. P. 59(b).  That deadline passed twelve years ago.

Rule 60(b) also contains a catchall provision allowing a motion to be filed "within a reasonable time" after the challenged judgment for "any other reason that justifies relief."  Id. at 60(b)(6).  However, a party may not use Rule 60(b) as a substitute for a timely and proper appeal, and it does not "bring up the underlying judgment for review."  Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996).  Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  Id. (quotation and citation omitted).  It may not be used to grant relief for one of the reasons specified in the other clauses

---

[2] In 2009, an amendment to Rule 59 extended its time limits to 28 days.

4

of Rule 60(b).  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 n.3 (5th Cir. Unit A Jan. 1981).

No exceptional circumstances are present here.  Paul does not show that the "new" evidence she offers was unavailable to her back in 1997, when she failed to respond to the defendants' motion for summary judgment.  We note that even if she had presented her evidence back then, it would not have changed the outcome.  In the absence of direct evidence of copying, Paul needed to show not only that Haley had access to her manuscript, but also that his work was substantially similar to hers.  See Beal, 20 F.3d at 459.  After an exhaustive side-by-side comparison, the district court found no substantial similarity of protected expression between The Bold Truth and Alex Haley's Queen.

The district court lacked jurisdiction to grant relief under "Rule 7.16" because no such rule exists.  Even construing Paul's brief liberally, the court also lacked jurisdiction to grant relief under Rule 59(e) or Rule 60(b)(2) because she did not file her motion within the applicable time limits.  Finally, the court did not abuse its discretion by denying Paul's motion under Rule 60(b)(6), because she did not file it within a reasonable time after the challenged judgment and she did not identify extraordinary circumstances that would justify relief.

**AFFIRMED.**