[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16006
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cv-00335-CLS

MARK E. BENNICK,

Plaintiff-Appellant,

versus

THE BOEING COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 31, 2012)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Mark Bennick appeals following the district court's 2011 denial of his self

styled post-judgment motion to "dismiss" for want of subject matter jurisdiction,

filed years after the court dismissed his underlying action for failure to state a

claim, pursuant to Fed.R.Civ.P. 12(b)(6).   He argues on appeal that the district court did not have subject matter jurisdiction over his underlying action pursuant to 28 U.S.C. § 1331, because it ultimately concluded that none of the federal regulations to which he cited provided a cognizable basis for relief or a private cause of action.   After thorough review, we affirm.

A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60, regardless of how the motion is styled by the movant, depending on the type of relief sought.  Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997).[1]   We review the denial of a Rule 60(b)(4) motion de novo. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).   Similarly, we review de novo questions of subject matter jurisdiction.  See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000).

The relevant procedural history is this.  Bennick filed this suit in February 2009 against his former employer, the Boeing Company ("Boeing"), alleging that it wrongfully terminated him, engaged in unethical business conduct, and violated his civil rights when it fired him in 2007.  He cited to various federal regulations as the basis for his action.   After Bennick amended his complaint, at the court's direction, in order to comply with Fed.R.Civ.P. 8 and 10, the court granted Boeing's motion to dismiss for failure to state a claim, concluding that none of the

---

[1] Here, we treat Bennick's "motion to dismiss" as a Rule 60(b)(4) motion for relief from judgment, according to the relief that he sought pursuant to the motion, and because he previously filed a Rule 59 motion before the district court.  See Mays, 122 F.3d at 46; see also Fed.R.Civ.P. 60(b)(4).

2

regulations to which he cited provided a cognizable basis for relief or private cause of action. Bennick did not appeal the April 2009 ruling, but filed a motion pursuant to Fed.R.Civ.P. 59(e), which the court denied. He then filed two separate, additional complaints against Boeing, alleging similar facts, both of which the court dismissed on res judicata grounds in light of its dismissal in the instant case. Finally, in this case, he moved the court to "dismiss" its orders dismissing the three actions, arguing that it did not have subject matter jurisdiction to dismiss the 2009 complaint. The district court denied his motion, and this appeal follows.

Federal Rule of Civil Procedure 60(b)(4) provides that the district court may vacate a final judgment where "the judgment is void." Generally, a judgment is void under Rule 60(b)(4) if, inter alia, the court that rendered it lacked jurisdiction over the subject matter. Burke, 252 F.3d at 1263. A party may not use Rule 60 to bring up the underlying judgment for review in an appeal from the denial of Rule 60(b) relief. Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996).

Pursuant to § 1331, district courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For federal question jurisdiction to exist, a plaintiff's complaint must claim a right to recover under the Constitution or laws of the United States. Bell v. Hood, 327 U.S. 678, 681 (1946).

3

Rule 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed.R.Civ.P. 8(a)(1).  A court may find a basis for federal question jurisdiction so long as the complaint makes references to federal law sufficient to permit the court to find § 1331 jurisdiction.  Miccosukee Tribe of Indians v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275-76 (11th Cir. 2010).  However, where a complaint is "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law," we have held that the "barren" allegations are insufficient to establish jurisdiction under § 1331.  See id. at 1276.

When a party claims a right arising under the laws of the United States, a federal court has jurisdiction over the controversy.  M.H.D. v. Westminster Schools, 172 F.3d 797, 802 n.12 (11th Cir. 1999).  If the court concludes that the federal statute provides no relief, then it properly dismisses that cause of action for failure to state a claim under Rule 12(b)(6).  Id.  Whether the complaint states a cause of action on which relief could be granted is a question of law that must be decided after and not before the court assumes jurisdiction over the controversy.  Bell, 327 U.S. at 682.  However, a suit may be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or where

4

the claim is wholly insubstantial and frivolous.  Id. at 682-83.  In short, the test of federal subject matter jurisdiction, where an immaterial or insubstantial claim is raised, is not whether the cause of action alleged was one on which the plaintiff could actually recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction.  Dime Coal Co. v. Combs, 796 F.2d 394, 396 (11th Cir. 1986).

Turning to the district court's December 2011 order denying Bennick's post-judgment motion, it was not error for the court to find that it had subject matter jurisdiction over his 2009 amended complaint, pursuant to § 1331.  As the record shows, Bennick's complaint cited to numerous federal regulations that were ostensibly related to his claims of wrongful termination.  Moreover, because he was proceeding pro se, the district court could have presumed, as Boeing suggested at one point, that he was also bringing a claim under the ADA.  See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) (the district court liberally construes a pro se litigant's pleadings).

Furthermore, it is of no consequence to the district court's initial jurisdiction determination that it later found that he failed to state a claim because those same regulations did not provide any cognizable cause of action.  This was not a case of a barren complaint that failed to make reference to a single federal statute, nor a case where the cited federal laws appeared to be immaterial and made solely for

5

the purpose of obtaining jurisdiction, nor a case where the claims were wholly insubstantial or frivolous. His cited references, especially the DOT's regulation regarding drug and alcohol testing -- in light of his assertion that Boeing self-complies with DOT's regulations -- were facially applicable to his claim of wrongful termination. It was only after the court, by its own assertion, examined the various regulations and found them to be devoid of a private cause of action, that it determined that his complaint failed to cite to a federal statute by which he could bring a private action concerning his termination. As a result, the court properly determined that it had subject matter jurisdiction pursuant to § 1331, and was correct in denying his post-judgment motion for relief from the same.

Finally, to the extent that Bennick challenges on appeal the original April 2009 order dismissing his amended complaint for failure to state a claim, that challenge is barred by a lack of a timely notice of appeal, and by our own scope of review of a district court's denial of a Rule 60(b) motion. See Rice, 88 F.3d at 919. Similarly, insofar as his brief could be read as arguing that the dismissal of his later actions was improper, a panel of this Court has already considered, and rejected, this challenge in 2011. See Bennick v. Boeing Co., 427 F. App'x 709, 713 (11th Cir. 2011) (unpublished) (affirming district court's dismissal of Bennick's complaint on res judicata grounds).

**AFFIRMED.**