Mary RICE; Brent Puckett; Randall Hallmark, individually and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

**FORD MOTOR COMPANY, a Delaware corporation, Defendant–Appellant.**

Brent PUCKETT, individually and on behalf of all others similarly situated; Randall Hallmark, individually and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

**FORD MOTOR COMPANY, a Delaware corporation, Defendant–Appellant.**

Nos. 93–6940, 94–6482.

United States Court of Appeals, Eleventh Circuit.

July 19, 1996.

Joseph S. Bird, III, Lee M. Pope, Brian D. Boyle, O'Melveny & Myers, Washington, DC, for appellant in No. 93–6940.

Richard A. Freese, Peter A. Grammas, Langston, Frazer, Sweet & Freese, Birmingham, AL, for appellees in No. 93–6940.

Joseph S. Bird, III, Matthew H. Lembke, T. Michael Brown, Bradley, Arant, Rose & White, Birmingham, AL, Brian D. Boyle, O'Melveny & Myers, Washington, DC, for appellant in No. 94–6482.

Richard A. Freese, Birmingham, AL, for appellees in No. 94–6482.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

COX, Circuit Judge:

In this proposed class action, the named plaintiffs filed a notice of voluntary dismissal. The district court, which had not yet determined whether to certify the proposed class, summarily approved the notice and dismissed the action without prejudice. The defendant, Ford Motor Company, filed a "Motion for Review of Dismissal of the Complaint," in which it argued that the court was required under Fed.R.Civ.P. 23(e) to conduct an inquiry, before approving the dismissal, as to the effect of the dismissal on absent members of the proposed class. The district court denied Ford's motion, concluding that Rule 23(e) does not apply to putative class actions before certification of the class by the district court.

Ford now appeals the denial of its motion. Because we find no abuse of discretion in the district court's denial of the motion, we affirm.

## PROCEDURAL HISTORY

The plaintiffs filed this action in August 1993 against Ford Motor Company, alleging that Ford's Bronco II vehicles contained design defects and asserting claims under both state and federal laws. *Puckett v. Ford Motor Company,* No. CV–93–G–1592–S (N.D.Ala. filed Aug. 6, 1993). The suit was filed on behalf of a proposed class of "all United States residents who own a . . . Bronco II vehicle." (2nd Supp. R.1–1 at 1 (Compl. ¶ 1).) The original complaint parallels three others that the plaintiffs' attorneys filed in other federal courts on behalf of similar classes of Bronco II owners.

On August 24, 1993, before Ford filed any responsive pleading, the named plaintiffs filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i).[1] (2nd Supp. R.1–4.) The trial court acknowledged the notice on the same day and dismissed the action, without conducting any sort of inquiry into the circumstances surrounding the dismissal. (*Id.* at 1–5.) Two days later, the plaintiffs filed an action in state court on behalf of the same class of Bronco II owners. *Rice v. Ford Motor Co.,* No. CV–93–065 (Cir.Ct. of Greene County, Ala. filed Aug. 26, 1993). The new suit was similar to the first, except that the new complaint was pruned of the allegations and claims that supplied federal jurisdiction.[2]

Apparently unaware that the plaintiffs had voluntarily dismissed *Puckett,* Ford filed a motion to dismiss on August 31, 1993. (2nd Supp. R.1–6.) On September 3, the district court denied Ford's motion as moot. (*Id.*) Ford contends that it did not learn of the court's ruling, which led it to discover the notice of voluntary dismissal, until September 8, when it examined the court's docket. The next day, September 9, Ford removed the second action from state court to federal court and filed an answer to the complaint. Once in federal court, the *Rice* plaintiffs moved to remand the case to state court.

---

1. Rule 41(a)(1), in relevant part, provides that, "[s]ubject to the provisions of Rule 23(e), . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ."

2. The plaintiffs had first alleged that the amount in controversy was "at least in excess of $50,-000," (2nd Supp. R.1–1 at 13), but changed their prayer for relief to "less than $50,000 for each plaintiff," (R.1–1 Ex. A at 11). The plaintiffs also eliminated their Lanham Act and Magnuson–Moss Act claims. (*Compare* R.1–1 Ex. A at 10–13 (Second Compl. at ¶¶ 18 to 28) *with* 2nd Supp. R.1–1 at 10–12 (Original Compl. at ¶¶ 30 to 39).)

The district court remanded the action, concluding "to a legal certainty that the requisite federal jurisdictional amount does not exist. . . ." (R.1–8.)

On September 23, 1993, Ford filed a motion in *Puckett* requesting that the district court review under Fed.R.Civ.P. 23(e)[3] the plaintiffs' voluntary dismissal of their original complaint. (2nd Supp. R.1–7.) Ford argued that Rule 23(e) applied to the plaintiffs' attempt to dismiss the case, even though no class had been certified at the time of the dismissal. Ford contended that notice to putative class members was required in order to avoid a multiplicity of litigation and prejudice to unnamed members of the proposed class. To safeguard against such risks, Ford argued, the court had to conduct an inquiry under Rule 23(e) before approving the dismissal.

Ford's motion was referred to the district judge considering the *Rice* litigation. (*See* 2nd Supp. R.1–8.) Without commenting on the nature of the motion, its timeliness, or the court's jurisdiction to hear it, the district court denied Ford's motion on the merits. The court rejected Ford's contention that Rule 23(e) applied to suits brought as class actions but not yet certified as such by the court, concluding that "an action brought as a class action does not become a class action until the Court says so." (2nd Supp. R.1–9 at 3.) *See* Fed.R.Civ.P. 23(c)(1) (providing that the "court shall determine by order whether [a proposed class action] is to be so maintained"). Because the proposed class had not been certified when the original ac-

tion was dismissed, the court held that Rule 23(e) did not apply. The court declined to conduct a Rule 23(e) review and affirmed the dismissal of the original action. This appeal followed.[4]

## ISSUES ON APPEAL

Ford contends that the district court abused its discretion in denying Ford's motion for review of the voluntary dismissal of the *Puckett* action. Ford argues that because Rule 23(e) applies in cases where the court has not yet certified a proposed class action, the district court was required to conduct a review before it approved the plaintiffs' Rule 41(a)(1)(i) dismissal. In response, the named plaintiffs argue that the court properly denied Ford's motion for review, because they complied with Rule 41(a)(1)(i), and because Rule 23(e) does not apply until a court certifies a proposed class.

Before we address the substance of Ford's appeal, however, we must address the assertion raised by the plaintiffs at oral argument that Ford's motion is untimely, depriving us of jurisdiction to hear this appeal.[5] The plaintiffs contend that Ford's motion, if cognizable under the Rules of Civil Procedure at all, is in effect a motion "to alter or amend the judgment" under Fed.R.Civ.P. 59(e). Because that rule requires such motions to be filed within ten days of the entry of judgment, the plaintiffs argue that Ford's motion, and its appeal, are untimely. Ford counters that its motion falls not under Rule 59(e) but under Fed.R.Civ.P. 60(b),[6] which

3. Rule 23(e) states that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

4. Initially, the district court entered its opinion and order denying Ford's motion in the *Rice* case, (R.1–9, 1–10), but later properly re-entered the opinion and order in *Puckett*, (2nd Supp. R.1–9, 1–10). Ford has appealed the court's denial in both *Rice* (Appeal No. 93–6940), and *Puckett* (Appeal No. 94–6482).

5. While we normally will not address issues raised for the first time at oral argument, "[a]ny time doubt arises as to the existence of federal jurisdiction, we are obliged to address the issue before proceeding further." *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.*, 68 F.3d 409, 414 (11th Cir.1995) (citations omitted).

6. Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . .

provides a more liberal time period for filing motions for relief from a final judgment or order.

## DISCUSSION

### A. Timeliness of Ford's motion

■ The named plaintiffs contend that Ford's "Motion for Review of Dismissal" should be treated as a Rule 59(e) motion to alter or amend the final judgment dismissing *Puckett.* Such a motion had to be made within ten days after the district court approved plaintiffs' voluntary dismissal. Because Ford did not file its motion until September 23, 1993, the plaintiffs argue, the motion was untimely and thus did not extend the period for filing a timely notice of appeal to this court. *See* Fed.R.App.P. 4(a) (providing thirty-day period from entry of judgment, or from order responding to *timely* filed motion under Rule 59, for filing notice of appeal). Ford's notices of appeal are timely only if the district court's denial of the motion for review effectively extended the period in which to bring this appeal. Clearly, if we treat Ford's motion as arising under Rule 59(e), the motion was untimely, the thirty-day period provided by Rule 4(a) expired in September 1993, and we are without jurisdiction to consider Ford's appeal.

But Ford contends that its motion should not be construed as a Rule 59(e) motion, both because of the nature of relief sought and because Ford could not have filed a timely Rule 59 motion under the circumstances of this case. Ford argues that its motion for review is instead properly viewed as a Rule 60(b) motion. Rule 60(b) allows a more generous time period for filing motions than does Rule 59(e). *See* Fed.R.Civ.P. 60(b) (allowing the filing of motions within a "reasonable time"). Ford argues that it filed its motion within a reasonable time after it dis-

covered that the named plaintiffs had voluntarily dismissed *Puckett.*

While Ford's motion does not cite Rule 60(b) or recite any of the specific grounds listed in the rule as a basis for relief, we construe the motion as a Rule 60(b) motion rather than one made under Rule 59(e). *See Nisson v. Lundy,* 975 F.2d 802, 806 (11th Cir.1992) (Motions that would be untimely under Rule 59(e) "may, however, be treated as Rule 60(b) motions if grounds stated would be a basis for Rule 60(b) relief.") (citations omitted); *United States v. Real Property & Residence,* 920 F.2d 788, 792 (11th Cir.1991) (Rule 60(b) is to be given a liberal and remedial construction in order to do "substantial justice.") (citations omitted). Specifically, we treat Ford's motion as arising under Rule 60(b)(6), the "catch-all" provision allowing motions based on any "reason justifying relief" not included in the preceding clauses of the rule.[7] Ford alleges that it did not learn of the voluntary dismissal until September 8, 1993, the last day on which Ford could have filed a timely Rule 59(e) motion. It would hardly promote "substantial justice" to pigeonhole Ford's motion under Rule 59(e), with which Ford arguably could not have complied, and preclude consideration of its motion under any other rule.

Ford filed its motion within thirty days of the voluntary dismissal. We cannot say that this was an unreasonable period of time in which to file a Rule 60(b)(6) motion. Thus Ford's motion, and consequently its appeal, are not untimely, and we have jurisdiction to decide whether the district court erred in denying relief.

### B. Review of the denial of Ford's motion

■ We review the district court's denial of Ford's motion for an abuse of discretion. *See Cavaliere v. Allstate Ins. Co.,* 996 F.2d

---

7. We note that, although Ford provides little guidance on the issue, it is arguable that its motion could also be grounded on Rule 60(b)(1), *see Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977) (stating that Rule 60(b)(1) is designed "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors"), or on Rule 60(b)(4), *see Simer v. Rios,* 661 F.2d 655, 663 (7th Cir.1981) (stating

that settlement decree was void for purposes of Rule 60(b)(4) where it was entered without notice to putative class members, in violation of their due process rights). But we do not read Rule 60(b)(1) to encompass the kinds of legal "mistakes" alleged in Ford's motion, and Ford does not allege sufficient grounds to fit its motion into Rule 60(b)(4), i.e., that the judgment is void or that the lack of notice in this case amounted to a denial of due process.

1111, 1115 (11th Cir.1993) (stating that we consider only the denial of relief as to the Rule 60(b) motion itself; not the efficacy of the underlying judgment). Our review is fairly circumscribed and deferential; this appeal "does not bring up the underlying judgment for review." *Id.* (stating that Rule 60(b) motion cannot be used as a substitute for proper and timely appeal of the district court's judgment) (quoting *Glass v. Seaboard Coast Line R.R.,* 714 F.2d 1107, 1109 (11th Cir.1983)) (internal quotation marks omitted). Moreover, in order to prevail, Ford must do more than show that a grant of its motion might have been warranted. Ford must demonstrate a justification for relief so compelling that the district court was *required* to grant Ford's motion. *Id.* (citing several cases in support); *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984) (stating that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances"); *see also Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (listing factors that should inform district court's consideration of Rule 60(b) motion) (citations omitted).

■ No "exceptional circumstances" are present in this case that cause us to conclude that the district court abused its discretion under Rule 60(b)(6). Ford argues that the district court based its denial of Ford's motion on the erroneous legal conclusion that "it is only after the court has determined an action to be a class action that the approval and notice requirements of Rule 23(e) come into play." (2nd Supp. R.1–9 at 3.) Ford contends, citing cases from other circuits for support, that the opposite conclusion is compelled in order to give force to the policy considerations underlying Rule 23(e). *See, e.g., Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1406–11 (9th Cir.1989) (stating that "during the interim between filing and certification, a court must assume for purposes of dismissal or compromise that an action containing class allegations is really a class action"); *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 625–28 (7th

Cir.1986) (stating that even absent improper motive, dismissal of action by named plaintiff without notice may injure putative class members by leaving them to "fend for themselves" without knowledge that they should do so). *Cf. Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1304–1314 (4th Cir.1978) (concluding that Rule 23(e) does not apply before certification of proposed class, but requiring "careful hearing" to protect interests of putative class members and to prevent collusion or prejudice).

Ford contends that publicity surrounded the filing of the original complaint, so that unnamed class members who may have otherwise brought individual actions relied on the *Puckett* plaintiffs to prosecute their claims. *See Glidden,* 808 F.2d at 627 (stating that absent class members may learn of and rely on a suit even though the class has not yet been certified; running of statute of limitations could therefore be a concern). Ford also contends that it could be forced to defend itself against multiple actions because of the lack of notice, since the dismissal leaves open the possibility that the doctrines of collateral estoppel or res judicata would not apply uniformly to all possible individual plaintiffs included in the *Puckett* class.

The district court concluded that, in a case like this, "where there is no possibility that the named plaintiffs obtained some benefit at the expense of the putative class ... and the putative class is not prejudiced," the approval and notice requirements of Rule 23(e) do not apply until after class certification. (2nd Supp. R.1–9 at 3.) Regardless of whether this is a correct interpretation of Rule 23(e), the court's statement suggests that the court was mindful of the concerns voiced by Ford when it denied the motion for review. More importantly, the record fairly supports the district court's conclusion that the risks of prejudice to unnamed class members or to Ford were not so great as to require the court to revisit its dismissal of the action.

■ Accepting arguendo Ford's contention that Rule 23(e) applies to precertification dismissals of proposed class actions,[8] the district

---

8. In this Circuit, the applicability of Rule 23(e) to proposed classes prior to their certification is an

open question. *See McArthur v. Southern Airways, Inc.,* 556 F.2d 298, 301–03 (5th Cir.1977)

court's opposite conclusion is essentially a mistake of law that could have been raised on direct appeal. In contrast to Ford's inability to file a Rule 59(e) motion because of time constraints, Ford had ample opportunity to file a direct appeal of the district court's dismissal of *Puckett*. *See Cavaliere*, 996 F.2d at 1115 (stating that Rule 60(b) motion cannot be used in lieu of proper and timely appeal). Ford fails to allege either in its motion for review or on appeal any exceptional circumstances to justify Rule 60(b) relief.

### CONCLUSION

Because Ford fails to demonstrate that the district court abused its discretion in denying Rule 60(b) relief, we affirm the denial of Ford's motion.

AFFIRMED.

(holding that notice requirements apply), *vacated on jurisdictional grounds,* 569 F.2d 276, 277 (1978) (en banc) (stating that question of whether Rule 23(e) notice requirements apply to precertified class actions is left open for future decision).