[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 3, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-10147
Non-Argument Calendar

_____

D. C. Docket No. 02-21949-CV-UUB

DAVID SEBASTIAN,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF IMMIGRATION AND
NATURALIZATION,
Robert Wallis, District Director,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 3, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

David Sebastian, a native and citizen of Cuba, appeals the district court order dismissing his "motion for new trial/reconsideration/or amended judgment filed pursuant to Fed.R.Civ.P. 50(b), (c), 52(b), 55(c), or 59."[1] In its order, the district court noted that Sebastian effectively asked the court to reconsider its original November 18, 1993 order denying his petition for naturalization. The district court determined that it lacked jurisdiction to consider the motion because the question of whether Sebastian was a naturalized United States citizen was "substantially identical" to those issues that were pending before this Court in an appeal we recently decided - *Sebastian-Soler v. U.S. Att'y Gen.*, 409 F.3d 1280 (11th Cir. 2005) (per curiam). On appeal, Sebastian argues that he has demonstrated that he is entitled to a final order granting his petition for naturalization, and therefore, the district court abused its discretion in failing to set aside its original order denying his petition for naturalization.

We review the denial of a Fed.R.Civ.P. 60(b) motion for abuse of discretion. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Although the procedural history of this case is complex, the analysis of whether the district court abused its discretion in dismissing Sebastian's Rule 60(b) motion is

---

[1] In a prior order considering our jurisdiction over this appeal, we construed Sebastian's "motion for new trial/reconsideration/or amended judgment pursuant to Fed. R. Civ. P. 50(b), (c), 52(b), 55(c), or 59" as a Fed.R.Civ.P. 60(b) motion in light of *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996).

2

straightforward. "Under the law-of-the-case doctrine, the resolution of an issue decided at one stage of a case is binding at later stages of the same case." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (internal marks and citations omitted). On April 25, 2003, we held in an unpublished opinion that Sebastian's claim of citizenship had to be raised in the context of a removal proceeding, and judicial review was available only after a final removal order had been entered. *Sebastian v. INS*, No. 02-15246 (11th Cir. Apr. 25, 2003). Thereafter, removal proceedings were initiated and both the immigration judge ("IJ") and the Board of Immigration Appeals ("BIA") rejected Sebastian's argument that he was a naturalized United States citizen. An appeal to this Court followed, and we held that Sebastian was not a naturalized citizen or national of the United States. *Sebastian-Soler*, 409 F.3d at 1284-86.

Under the law-of-the-case doctrine, the district court was bound by our decision in *Sebastian*, No. 02-15246, which held that Sebastian's claim of citizenship had to be raised in the context of removal proceedings. As such, the district court had no choice but to defer to the ultimate outcome of the removal proceedings with respect to Sebastian's claim of citizenship. Therefore, it was entirely within the district court's discretion to dismiss Sebastian's motion, given that the issues raised in his motion were at that time pending before us and would

3

ultimately be resolved by our decision.

Based on our review of the record, as well as the parties' respective briefs, we discern no reversible error.  Accordingly, we affirm.

**AFFIRMED.**