[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14912
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00734-PGB-KRS

MICHELLE HOPKINS,

Plaintiff-Appellant,

versus

JPMORGAN CHASE BANK, NA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 1, 2015)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

In April 2003, JPMorgan Chase Bank, N.A. ("Chase Bank") hired Michelle Hopkins, an African-American female, as a Financial Service Advisor. Her duties involved engaging and servicing Chase Bank customers during inbound calls by answering questions and resolving problems. In 2010, the bank placed Hopkins on a Performance Improvement Plan ("PIP") because she was failing to meet or exceed the standards under which she was working. Her performance did not improve, so, on September 16, 2011, the bank terminated her employment.

On May 15, 2012, Hopkins brought this action against Chase Bank, claiming racial discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a) & 2000e-3(a), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). Chase Bank denied liability and, after discovery closed, successfully moved for summary judgment. Hopkins now appeals. In her opening brief, Hopkins argues (1) that the Magistrate Judge abused her discretion by failing to conduct an evidentiary hearing before denying her motion for sanctions and declining to impose sanctions against Chase Bank for spoliation of evidence; (2) that the District Court abused its discretion by denying her motion for relief from the final judgment or order, pursuant to Federal Rule of Civil Procedure 60(b); (3) that the Magistrate Judge should have recused *sua sponte* due to her personal bias; (4) that the District Court erred in denying her request for a jury trial; and (5) that she was denied access to

the courts.  In her reply brief, she raises one final argument: that the District Court erred in granting Chase Bank summary judgment.  We consider Hopkins's arguments in order.  Finding all six claims to be meritless, we affirm the District Court's judgment.

## I.

Hopkins had fourteen days in which to file with the District Court an objection to the Magistrate Judge's non-dispositive order denying her motion for sanctions based on spoliation.  Fed. R. Civ. P. 72(a).  By failing to file such an objection, Hopkins waived her argument that the judge erred in denying the motion for sanctions.  *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir 2003).[1]

## II.

We review the denial of a Rule 60(b) motion for abuse of discretion.  *Rice v. Ford Motor Co.*, 88 F.3d 914, 918–19 (11th Cir. 1996).  We employ the same standard in reviewing the district court's application of its local rules.  *See Fils v. City of Aventura*, 647 F.3d 1272, 1282–83 (11th Cir. 2011).  The Middle District of Florida requires a party to confer with opposing counsel before filing most motions in civil cases and to make a good faith effort to resolve the issues presented in the motion.  M.D. Fla. R. 3.01(g).  That party must then confirm in a certification that

---

[1] Hopkins *did* file with the District Court an objection to the Magistrate Judge's order denying reconsideration.  That objection was untimely.

it conferred with opposing counsel and state whether the parties agree on the resolution of the motion. *Id.*

Hopkins's Rule 60(b) motion motion neither included a certification that she conferred with opposing counsel, nor indicated Chase Bank's position on the proposed motion. Accordingly, the District Court did not abuse its discretion when it denied Hopkins's motion after finding that it did not satisfy the local rules.

## III.

Where, as here, a litigant fails to move a judge to recuse, we consider whether the judge should have recused *sua sponte* for plain error. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). We find no error, much less plain error, in this case. The allegations of bias in Hopkins's brief concern actions the Magistrate Judge took during the case, and thus, do not raise the type of extrajudicial bias that requires recusal. *Id.* ("The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.").

## IV.

The right to a jury trial in the Seventh Amendment is preserved inviolate by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 38(a). A plaintiff waives his right to a jury trial, though, unless a proper demand is served and filed. *Id.* 38(d). A demand for a jury trial must be made within fourteen days after the last pleading

4

directed to the issue, and it can be made in a pleading. *Id.* 38(b)(1). Hopkins made no demand for a jury trial in her complaint and did not file a demand for a jury trial within fourteen days of the filing of her complaint. She therefore waived her right to a jury trial.

## V.

We generally will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We may, however, consider an issue raised for the first time on appeal if: (1) it is a pure question of law; (2) the appellant had no opportunity to raise his claim before the district court; (3) substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or great public concern. *Id.* at 1332.

Hopkins did not present to the District Court her claim that she was denied access to the courts. Her claim raises none of the circumstances that warrant consideration of an issue for the first time on appeal. We thus decline to consider Hopkins's claim that she was denied access to the courts.

## VI.

Hopkins's opening brief on appeal does not address her argument that the District Court erred in granting Chase Bank summary judgment. Although she did present that argument in her reply brief, we do not address arguments raised for the

first time in a reply brief—even in a *pro se* litigant's reply brief.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

AFFIRMED.