[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11215
_____

D. C. Docket No. 2:12-cv-14462-JEM

TONI FOUDY,
SHAUN FOUDY,

                                                    Plaintiffs-Appellants,

versus

SAINT LUCIE COUNTY SHERIFF'S OFFICE,
DAVID ABBOTT, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2017)

Before JORDAN, ROSENBAUM, and DUBINA, Circuit Judges.

PER CURIAM:

Toni Foudy and Shaun Foudy (the "Foudys"), appeal the district court's order denying their motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(1) and (b)(6), its order dismissing their case for failure to prosecute, and its order striking their third amended complaint. The Foudys have filed numerous actions in the district court alleging that various governmental entities engaged in concerted, related, and pervasive breaches of their personal information in violation of the Driver's Privacy Protection Act ("DPPA"). In this appeal, the Foudys assert that they were entitled to relief from the district court's prior judgment of dismissal without prejudice for lack of prosecution because they were in the process of obtaining substitute counsel to pursue their actions. As such, they contend that they were entitled to relief pursuant to excusable neglect under Rule 60(b)(1), or alternatively, for any reason that justifies relief under (b)(6).[1]

Upon review of the record and the parties' briefs, we affirm the district court's order.[2]

---

[1] In their brief, the Foudys challenge the district court's order severing their actions. However, they did not include this specific order in their notice of appeal. Accordingly, we do not review this order. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."). *See also Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) ("A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken.").

[2] Because we affirm the district court's Rule 60(b) order, the Foudys' request that we assign the case to a different judge is moot and without merit.

## I. BACKGROUND

The Foudys filed an initial lawsuit against the St. Lucie County Sheriff's Office ("SLCSO"), the Indian River County Sheriff's Office ("IRCSO"), the Florida Department of Law Enforcement and its Commissioner, the Department of Highway Safety and Motor Vehicles and its Executive Director, Sheriff Ken Mascara, Sheriff Deryl Loar, seventy-eight law enforcement officers of SLCSO, twenty-two law enforcement officers of IRCSO, Entity Does, and John and Jane Does, alleging causes of action under 42 U.S.C. § 1983, the DPPA, the Fourth Amendment, the Fourteenth Amendment, Florida's Constitution, and common law invasion of privacy. Soon thereafter, a number of defendants filed motions to dismiss, and the Foudys filed their first amended complaint. In January 2014, the Foudys sought leave to amend their first amended complaint and to file a second amended complaint under FED. R. CIV. P. 15. They sought to amend their complaint to add allegations demonstrating ongoing harm to them since the last amended complaint, to clarify claims against supervisory defendants in their individual capacities, to remove one defendant, and to add twelve additional entity defendants: Brevard County, Martin County, Miami-Dade County, City of Fort Pierce, City of Port St. Lucie, City of Sewall, City of West Palm Beach, City of Indian River Shores, City of Fellesmere, and City of Vero Beach, as well as their employee agents who had accessed the Foudys' personal data. The causes of

3

action were limited to the DPPA, section 1983, and common law invasion of privacy. The district court granted their request to file a second amended complaint.

Various defendants revised their motions to dismiss. On July 31, 2014, the district court *sua sponte* issued an order dismissing the Foudys' claims without prejudice, severing the Foudys' claims against the different defendants, and requiring the Foudys to initiate separate suits. Pursuant to the severance order, the Foudys had two weeks to file separate actions against any defendant or group of defendants dismissed without prejudice. The order further clarified that any newly filed actions would be considered a continuation of the original action with regard to the statute of limitations. In August 2014, the district court entered an order striking the Foudys' third amended complaint because the Foudys failed to comply with the district court's prior order requiring a motion before joining any additional parties to their action against the SLCSO. In this order, the district court specifically referenced its severance order in which it stated that the Foudys were not precluded from filing a motion to join other parties from this action, not previously terminated, to the action against the SLCSO, if and only if, the conduct of those parties constituted the same transaction as that of the SLCSO defendants. The district court noted that the Foudys, in disregard of the district court's prior order, filed a third amended complaint against not only the SLCSO but also against

4

seventy-eight individual defendants as well as Jane and John Does.  Hence, the district court struck the Foudys' third amended complaint.

The Foudys filed a motion for leave to amend their second amended complaint to join additional defendants, particularly seeking to join the SLCSO, Saint Lucie County Sheriff Mascara, seventy-eight Saint Lucie law enforcement officers, and John and Jane Doe Saint Lucie Supervisors.  The motion attached a copy of the proposed third amended complaint as an exhibit.  The district court granted the motion to amend in a paperless order on January 13, 2015, requiring the Foudys to re-file their third amended complaint by January 15, 2015.  The district court also issued an order allowing the Foudys to serve their third amended complaint and proceed against all of the Saint Lucie County defendants and setting a trial date and pretrial schedule.  Soon thereafter, on January 21, 2015, the individual defendants moved to dismiss without prejudice the Foudys' claims for failure to prosecute.  Defendants David Abbott and John Brady, employees of the SLCSO, joined in the motion to dismiss.  Two days later, the Foudys' new substitute counsel filed a notice of appearance.  At the same time, the new counsel filed a motion for extension of time to allow filing of the third amended complaint.

On January 22, 2015, the district court granted the defendants' motions to dismiss for failure to prosecute and closed the Foudys' case.  The district court also denied as moot the Foudys' motion for an extension of time.  In July 2015, the

Foudys moved the district court to reconsider and to reopen the case under Rule 60. On February 17, 2016, the district court denied the requested relief under Rule 60. The Foudys filed a timely notice of appeal, referencing the district court's order granting the motion to dismiss for failure to prosecute, the order striking the Foudys' third amended complaint, and the Rule 60(b) order.

## II. DISCUSSION

Our review of a district court's order denying relief pursuant to Rule 60(b) is limited to whether the district court abused its discretion in denying the motion, and it shall not extend to the validity of the underlying judgment. *See e.g., Rice v. Ford Motor Co.*, 88 F.3d 914, 918–19 (11th Cir. 1996). Hence, because an appeal from the denial of a Rule 60(b) motion does not revive the underlying judgment, *Jackson v. Seaboard Coast Line R. R. Co.*, 678 F.2d 992, 1021 (11th Cir. 1982), we will not review whether the district court abused its discretion in dismissing the Foudys' action for lack of prosecution because that is the underlying judgment the Foudys are seeking to alter. Moreover, we will not review the district court's order striking the Foudys' third amended complaint because it is not a final appealable judgment. *See e.g., McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1338 (11th Cir. 2007) (stating that an order is final and appealable when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment") (quotation omitted).

In order for the Foudys to demonstrate that the district court abused its discretion in denying their Rule 60(b) motion for relief from judgment, they "must do more than show that a grant of [the Rule 60(b)] motion might have been warranted[; they] must demonstrate a justification for relief so compelling that the district court was required to grant the motion." *Rice*, 88 F.3d at 919 (citation omitted).  They cannot meet this high burden.

The Foudys claim excusable neglect prevented them from following the district court's order to refile timely the third amendment complaint.  They assert that their former counsel, who was transitioning out of representation for them due to her pending move out of the state, inadvertently did not read the paperless order entry that allowed them to re-file their third amended complaint.  Because they had only two weeks to re-file, the Foudys contend that it was not sufficient time to secure another lawyer to re-file the third amended complaint.

Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced.  *In re Worldwide Web Sys. Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003).  In *Walter v. Blue Cross & Blue Shield United*, this court listed several relevant factors to consider when evaluating excusable neglect, such as (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4)

7

whether the movant acted in good faith.  181 F.3d 1198, 1201 (11th Cir. 1999) (citation omitted).  Applying these factors, it is clear that the district did not abuse its discretion in denying the relief.

First, although the district court had dismissed the case for lack of prosecution, and the Foudys had counsel, they waited over five months to file their Rule 60(b) motion.  They offer no explanation for why they waited to seek relief from the district court's dismissal of their case.  Second, although they fault their prior attorney's negligence for the failure to re-file their third amended complaint, the Foudys had two other attorneys who represented them during the time in which their prior attorney was transitioning from representation and preparing to move out of state.  Neither of these attorneys re-filed the third amended complaint, and there is nothing in the record to explain their failure to prosecute the case.  Third, the record shows that the prior attorney never withdrew from representation of the Foudys and remained counsel of record until she was suspended from the practice of law by the Florida Supreme Court in July 2016.  These factors belie the Foudys' claim of inexcusable neglect.  Accordingly, we conclude from the record that the district court did not abuse its discretion in denying the Foudys Rule 60 relief, and we affirm its order.

AFFIRMED.

8