[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15474
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00026-GKS-DAB


IVORY PETERSON,

                                                            Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 18, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ivory Peterson, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) post-judgment motion challenging: (1) the denial of his prior Rule 60(b) motion for reconsideration; and (2) the denial of his 28 U.S.C. § 2254 federal habeas corpus petition. A certificate of appealability was granted on the issue of "[w]hether the district court err[ed] in denying Peterson's Rule 60(b) motion based on Peterson's contention that it failed to consider or misconstrued Claim One of his § 2254 petition." On appeal, Peterson argues that the district court erred in denying his Rule 60(b) motion for relief from judgment because the district court failed to consider that the first claim of his § 2254 petition, raising a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), related to the State's conduct in striking prospective juror Saulsberry, not prospective juror Shelton, from his jury. Peterson contends that, in his § 2254 petition, he demonstrated that Saulsberry, an African-American, was unconstitutionally excluded from the jury on account of her race. But, the State and the district court misconstrued his *Batson* claim as relating to the prosecution's conduct in striking Shelton, another African-American, and used the prosecution's race-neutral reasons for striking Shelton as justification for denying his *Batson* claim. As the government correctly concedes, because the district court misconstrued Peterson's claim that the State violated his constitutional rights

2

during *voir dire*, the district court failed to resolve all the claims Peterson raised in his § 2254 petition. We vacate and remand for further proceedings.

The appeal of a Rule 60(b) motion is limited to a determination of whether the district court abused its discretion in denying the motion, and our review shall not extend to the validity of the underlying judgment. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918–19 (11th Cir. 1996). Under an abuse-of-discretion standard, we will leave a district court's ruling undisturbed unless we find that "the district court has made a clear error of judgment, or has applied the wrong legal standard." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citation omitted).

Federal Rule of Civil Procedure 60(b) allows a party to seek relief or reopen his case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Although a Rule 60(b) motion may not be used to attack the district court's previous resolution of a claim on the merits, it may be used to challenge a defect in the integrity of the federal habeas proceeding. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (involving a Rule 60(b) motion filed in a 28 U.S.C. § 2255 proceeding).

When a district court fails to address the claims presented in a § 2254 habeas petition, we vacate without prejudice and remand the case for consideration of all

the remaining claims. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*). In *Clisby*, the district court dismissed thirteen of the petitioner's claims, granted habeas relief on one claim, and reserved judgment on the remaining five claims. *Id.* at 935. In response, we expressed concern over the "growing number of cases in which [we were] forced to remand for consideration of issues the district court chose not to resolve." *Id.* at 935–36. We acknowledged the disruptive effect that such "piecemeal litigation" had on a state's criminal justice system. *Id.* at 935. Accordingly, in an effort to streamline habeas procedure, we exercised our supervisory authority and instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to § 2254, "regardless of whether habeas relief is granted or denied." *Id.* at 936. We have defined a "claim for relief" as "any allegation of a constitutional violation." *Id.*

Here, the district court misconstrued the *Batson* claim that Peterson asserted in his § 2254 petition; therefore, the district court abused its discretion in denying Peterson's Rule 60(b) motion for relief from judgment. *Clisby*, 960 F.2d at 936; Fed. R. Civ. P. 60(b). Peterson's § 2254 petition included a claim under "Ground One" that: (1) the State violated his constitutional rights, as set out in *Batson*, *Powers*, and *Davis*, by striking Saulsberry, but not Patterson, even though both jurors testified that they were uncomfortable viewing crime scene photographs; and (2) his trial counsel was ineffective for failing to correct the State's

4

unconstitutional conduct.  Although Peterson did not explicitly name Saulsberry in his § 2254 petition, he submitted "Exhibit E" and "Exhibit F" as evidence for his *Batson* claim, both of which were excerpts of the trial transcript showing: (1) Saulsberry's testimony regarding viewing crime scene photographs; and (2) the prosecution's arguments in support of its motion to strike Saulsberry from the jury. In the State's response, it misread Peterson's claim, stating that "[o]n habeas review Peterson has only challenged the strike of Ms. Shelton," and argued that the prosecution's race neutral reasons for striking Shelton showed that Peterson could not demonstrate that the trial court's judgment was contrary to, or an unreasonable application of, *Batson*.  Further, in its analysis, the district court misconstrued Peterson's *Batson* claim as relating only to the State's conduct in striking Shelton and denied the claim based on the State's race-neutral reasons for striking Shelton. Thus, the district court made a clear error in judgment when it determined that Peterson had not demonstrated any basis for vacating the order of dismissal or judgment, as the district court was required to address all the claims Peterson raised in his § 2254 petition, and it wholly failed to address Peterson's *Batson* claim as it related to Saulsberry.

Here, as the government concedes, the district court abused its discretion by denying Peterson's Rule 60(b) motion for relief because the court misconstrued the first claim of his § 2254 petition as raising a *Batson* claim as to Shelton, not to

Saulsberry.  Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we vacate and remand for further proceedings.

**VACATED AND REMANDED.**