[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14884
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00910-KOB; 15-bkc-03750-TOM-13


In re: LACOSTA SANDERS WARREN,

                                                                        Debtor.

_____

LACOSTA SANDERS WARREN,

                                                            Plaintiff - Appellant,

versus

EMERALD POINTE APARTMENTS,

                                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 23, 2019)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

LaCosta Sanders Warren appeals the district court's denial of her motion to reconsider the court's previous denial of her motion to reinstate her appeal from the bankruptcy court's dismissal of her Chapter 13 action.  Warren, proceeding *pro se* and *in forma pauperis*, argues that the district court's denial was an abuse of the court's discretion because her case displays the requisite exceptional circumstances as required by our precedent and in accordance with the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 60(b)(6) ("[T]e court may relieve a party . . . from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief.").  Since Warren fails to show that her case presents the requisite exceptional circumstances under Rule 60(b)(6), we affirm the district court's decision to deny her motion to reconsider.

Warren filed a notice of appeal with the district court on May 31, 2016, appealing a bankruptcy court's order dismissing her Chapter 13 action and her adversary proceeding against Emerald Pointe Apartments (Emerald Pointe) for unlawful eviction.  The district court issued a notice to Warren, stating that, pursuant to Federal Rule of Bankruptcy Procedure 8009, parties are required to file with the bankruptcy court their designations, transcripts, and a statement of the issues for the record on appeal.

2

On October 4, 2016, the district court issued an order to show cause for why the appeal should not be dismissed, noting that Warren had failed to comply with the requirements of Rule 8009. The court ordered Warren to respond to its order by October 14, 2016. On October 21, 2016, the district court dismissed Warren's appeal without prejudice because she had failed to respond to the October 4 order.

Warren filed several *pro se* motions to reinstate her bankruptcy appeal. Although Warren did not reference Federal Rule of Civil Procedure 60(b)(6), the district court construed her motions as Rule 60(b)(6) motions for relief from the court's order dismissing her appeal because Warren presented arguments attempting to show exceptional circumstances. The district court denied all of Warren's motions to reinstate her appeal, concluding that her difficult financial situation failed to "rise to the level of showing exceptional circumstances warranting relief." Doc. 10 at 2.

In Warren's last motion—the only one on appeal—she addresses why she failed to respond to the October 4 order, noting (1) she acted as quickly as possible after receiving the October 4 and October 21 orders, (2) she did not have any money or means of transportation at the time, (3) she could not hire an attorney, and (4) her delay was caused by the fact she was moving homes. On September 25, 2017, the district court denied Warren's motion for reconsideration. The district court again construed her motion as filed under Rule 60(b)(6) and concluded that Warren had

not shown sufficiently exceptional circumstances warranting reconsideration.  On October 25, 2017, Warren appealed the district court's decision to deny her motion for reconsideration.

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion.  *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996).  While we liberally construe pleadings filed by a *pro se* litigant, they must nonetheless conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  A party abandons a claim if she fails to raise the claim or issue "plainly and prominently" on appeal.  *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018).  We deem issues abandoned if an appellant's brief "makes only a passing reference" or "raises [the issue] in a perfunctory manner without supporting arguments and authority."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  "Any issue that an appellant wants us to address should be specifically and clearly identified in the brief," or else it will be abandoned.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

Warren's brief on appeal does not support her argument that the district court abused its discretion.  She makes only a single conclusory statement that her case presents exceptional circumstances, and does not support that statement with arguments or authority.  According to Warren, Appellee's decision to evict her

4

"was a surprise that ordinary prudence could not have guarded against and was an exceptional circumstance in and of itself." Warren cites no supporting authority, instead she simply states that the eviction is still causing "irreparable harm."

This argument is "perfunctory" and is not supported by the requisite "arguments and authority." *Sapuppo*, 739 F.3d at 681. Thus, Warren abandoned her claim on appeal and, accordingly, we affirm the district court's denial of her motion to reconsider.

**AFFIRMED**.