[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12360
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00045-HL-TQL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

W. DEXTER HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 15, 2020)

Before JORDAN, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

W. Dexter Harrison, proceeding pro se, appeals the district court's dismissal

of his Fed. R. Civ. P. 60(b)(6) motion to set aside the court's judgment denying his

28 U.S.C. § 2255 motion to vacate, arguing that the court's denial of habeas

counsel's motion to withdraw violated his due process rights to represent himself and that new evidence shows that he is actually innocent, which constitute extraordinary circumstances warranting Rule 60(b)(6) relief. The government argues that we lack jurisdiction to consider the merits of this appeal because Harrison did not obtain a Certificate of Appealability ("COA"), nor can he make the requisite showing for one. After thorough review, we dismiss the appeal.

Federal law requires that a prisoner whose § 2255 motion to vacate has been denied by a district court first obtain a COA. 28 U.S.C. § 2253(c)(1). A COA is also required to appeal "any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or § 2255 proceeding." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc), aff'd on other grounds sub nom. Gonzalez v. Crosby, 545 U.S. 524 (2005). "This is a jurisdictional prerequisite because the COA statute mandates that unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals. . . As a result, until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation, brackets and quotation omitted).

To merit a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has denied a motion on procedural grounds, the petitioner must show that jurists of

2

reason would find debatable whether: (1) the district court was correct in its procedural ruling, and (2) he has stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the movant fails to satisfy either prong of this two-part test, a court should deny a COA. Id.

Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A Rule 60(b)(6) motion, however, must be made within a "reasonable time," see id. 60(c)(1), and requires a showing of "extraordinary circumstances" that will "rarely occur in the habeas context," Gonzalez, 545 U.S. at 535. What constitutes a reasonable time is determined by considering "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008) (quotation omitted). The appeal of a Rule 60(b) motion is limited to a determination of whether the district court abused its discretion in denying the motion. See Rice v. Ford Motor Co., 88 F.3d 914, 918-19 (11th Cir. 1996).

Under the prior panel precedent rule, we are bound by our prior decisions unless and until they are overruled by the U.S. Supreme Court or this Court en banc. United States v. Vega Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008). Arguments not raised in the district court are waived on appeal. Johnson v. United States, 340

3

F.3d 1219, 1228 n.8 (11th Cir. 2003). There is no constitutional right to counsel in federal habeas proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Here, Harrison was required to have obtained a COA from either the district court or this Court to proceed on appeal, and he has not done so. See Gonzalez, 366 F.3d at 1263. Without a COA, we lack jurisdiction to rule on the merits this appeal. See Miller-El, 537 U.S. at 336.

But even if we were to construe his pro se notice of appeal as a motion for a COA, Harrison cannot make the requisite showing for a COA because reasonable jurists would not find debatable whether the district court was correct in its procedural ruling or whether he stated a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484. For starters, Harrison waited over four years after the district court's denial of his § 2255 motion, and about two years after the corresponding mandate issued in this Court, to file the instant Rule 60(b)(6) motion, and he provided no reason to the district court to explain the delay. See BUC Int'l Corp., 517 F.3d at 1275. While he argued to the district court that there was no time limit on when he could challenge the judgment, he argues for the first time on appeal that it took him three years to locate his codefendant in another prison. Not only has he waived that arguing by not raising it below, Johnson, 340 F.3d at 1228, but he provides only a conclusory statement about the delay, claiming "numerous obstacles." On this record, Harrison cannot show that reasonable jurists would

debate whether the district court abused its discretion in finding his Rule 60(b) motion untimely.  Slack, 529 U.S. at 484.

Further, even if Harrison had filed his Rule 60(b)(6) motion within a reasonable time, he has not shown the "extraordinary circumstances" required to succeed.  See Gonzalez, 545 U.S. at 535.  Harrison raised the same claim in his Rule 60(b) motion that we already have considered and denied in Harrison's earlier appeal -- that the district court's error in denying his habeas counsel's motion to withdraw prevented him from raising other § 2255 claims, like his trial counsel's failure to move to sever and the government's failure to disclose Harrell's exculpatory evidence.  Because our prior order already rejected these same claims, we cannot say that they now somehow constitute extraordinary circumstances.

To the extent Harrison argues that a change in the law warrants relief under Rule 60(b)(6), he has failed to show how Christeson v. Roper, 574 U.S. 373, 373 (2015), applies here, since that case did not involve a change in the law but considered a capital defendant's entitlement to conflict-free counsel in a habeas proceeding under 18 U.S.C. § 3599.  Harrison is not a capital defendant and does not have a statutory right to counsel under § 3599, nor does he have a constitutional right to counsel in his habeas proceeding.  See Finley, 481 U.S. at 555.  Nor is there any basis to Harrison's claim that his codefendant's declaration, which he did not have at the time of our prior decision, constitutes extraordinary circumstances

5

warranting Rule 60(b)(6) relief.  In that declaration, his codefendant claims only that he has "no knowledge" of Harrison's involvement with the arson.  However, that statement is somewhat self-serving since it suggests that the codefendant was not involved in the arson, and, without more, does not come anywhere near proving Harrison's actual innocence.

In short, because Harrison cannot show that reasonable jurists would debate whether the district court abused its discretion by finding that the Rule 60(b) motion was untimely and meritless, a COA is not warranted and we dismiss the appeal.  See Miller-El, 537 U.S. at 336.

**DISMISSED**.