[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10474
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00529-RH-MJF

CRYSTAL LEANNE KOCSIS,

Plaintiff-Appellant,

versus

FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES,
Florida Public Entity,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 19, 2021)

Before JORDAN, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Crystal Kocsis, proceeding *pro se*, appeals the denial of her motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Kocsis filed her motion after this Court affirmed the District Court's grant of summary judgment to the Florida State University Board of Trustees ("FSU") in Kocsis's sexual harassment and retaliation case. In this appeal, Kocsis argues that she is entitled to relief under Rule 60(b)(1) because she misunderstood the law and did not know to raise certain issues, including disparate treatment; she asserts that she should be allowed to amend her complaint to add those issues now. She then argues that because she did not know to raise certain issues, those issues have not been decided on the merits. And she contends that her request to amend her complaint is appropriate under Federal Rule of Civil Procedure 15(c) because her proposed amendment relates back to the date of the original pleading. None of these arguments are persuasive, and we accordingly affirm.

## I.

Let's start with a brief overview of the facts.

In 2016, Kocsis filed an action against FSU, its Title IX Director, the Dean of the College of Criminology, and two professors, alleging violations of Title IX of the Education Amendments of 1972 ("Title IX"). She alleged that while a PhD student at FSU, she witnessed a professor subject female students and students of color to a hostile environment and claimed that FSU failed to take appropriate

2

action in response. She additionally asserted that professors retaliated against her for her complaint by lowering her grades and denying her an assistantship—a type of academic appointment.

FSU and the individual defendants filed a motion to dismiss in response. A magistrate judge found that, liberally construed, Kocsis's complaint alleged a discrimination claim under Title IX and a retaliation claim for calling attention to such discrimination. The magistrate judge recommended that the claims against the individual defendants be dismissed and the remaining claims against FSU proceed. The District Court adopted the magistrate's report and recommendation and dismissed the claims against only the individual defendants.

Following discovery, FSU filed a motion for summary judgment. Kocsis responded. A new magistrate judge recommended that FSU's motion be granted on both the sexually hostile environment and retaliation claims. On the first claim—sexually hostile environment—the magistrate judge found that it was undisputed that FSU did not receive actual knowledge of any alleged harassment until 2015 when Kocsis filed a complaint with FSU's Office of Equal Opportunity and Compliance. Likewise, the magistrate determined that FSU was not deliberately indifferent because it conducted a prompt investigation into Kocsis's claims and took reasonable measures to prevent harassment.

On the second claim—retaliation—the magistrate judge concluded that Kocsis established only two of the three elements of a *prima facie* case: Kocsis engaged in protected expression by filing a formal complaint and submitted sufficient evidence to establish materially adverse action, but she presented no evidence showing a causal connection between her protected expression and any adverse action. Indeed, the materially adverse actions occurred *before* Kocsis's protected expression, so they could not have been retaliatory. And, in any event, the magistrate judge noted that FSU submitted evidence of non-discriminatory, non-retaliatory reasons for refusing Kocsis the assistantships—her scores and grades were inferior to the students who received the positions. In early 2019, the District Court adopted the report and recommendation and granted summary judgment for FSU.

In her first appeal, Kocsis argued that she had a viable disparate treatment claim. But we affirmed the judgment for FSU and found that Kocsis waived any disparate treatment argument because she failed to raise it before the District Court. *Kocsis v. Fla. State Univ. Bd. of Trustees*, 788 F. App'x 680, 688 (11th Cir. 2019). We noted that the District Court did not recognize a disparate treatment claim and that Kocsis did not object to such a claim being overlooked. *Id.*

So, after this Court issued its mandate, Kocsis filed a Rule 60(b) motion for relief from judgment in the District Court. Specifically, she requested that the

4

judgment be set aside so that she could file an amended complaint to plead new claims—disparate treatment, disparate impact, and discriminatory use of test scores. Kocsis claimed that her failure to assert a claim of disparate impact was an inadvertent mistake stemming from her lack of legal understanding. The District Court denied the motion and stated that Rule 60(b) does not allow a losing plaintiff to change legal theories and start anew. Kocsis timely appealed.

## II.

We generally review the denial of a Rule 60(b) motion for an abuse of discretion. *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). To show that a district court abused its discretion in denying a Rule 60(b) motion, the "justification for relief [must be] so compelling that the district court was *required* to grant [the] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996) (emphasis in original). An appeal of a denial of a Rule 60(b) motion addresses only the propriety of the denial; we may not review issues in the underlying judgment. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

## III.

On appeal, Kocsis argues that, because she is a *pro se* plaintiff, the District Court was required to *sua sponte* notify her that her complaint was deficient and give her at least one chance to amend it; she requests that this Court reverse and

5

remand to allow her an opportunity to amend her complaint. Kocsis additionally asserts that her failure to raise the disparate impact claim is excusable neglect, as she would have raised the claim earlier had she been aware of the relevant case law. And she finally notes that Federal Rule of Civil Procedure 15(c) allows her to amend her complaint because her proposed amendment relates back to the date of the original pleading. Rule 60(b), Rule 15(c), and claim preclusion issues are nested in Kocsis's arguments, so we'll discuss them all.

Rule 60(b)(1) allows a court to grant relief from a final judgment due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Excusable neglect can be shown, for example, when the failure to comply with a filing deadline is attributable to negligence. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497 (1993). An attorney error based on a misunderstanding or misinterpretation of the law, on the other hand, generally cannot constitute excusable neglect. *Davenport*, 668 F.3d at 1324. And when making an excusable neglect determination, a court should consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.

Claim preclusion "bars relitigation of matters that were litigated or could have been litigated in an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992). The doctrine aims to protect defendants from vexatious lawsuits and to conserve judicial resources. *Ragsdale v. Rubbermaid*, 193 F.3d 1235, 1238 (11th Cir. 1999). "[A] claim is precluded by the judgment in a prior case when (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) both cases . . . involve the same causes of action." *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1306 (11th Cir. 2010) (quotation marks omitted). The doctrine "applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Manning*, 953 F.2d at 1358–59 (quotation marks omitted).

Moving to Kocsis's claims, we first note that her arguments involving Rule 15 are misplaced. While this Circuit has permitted plaintiffs to amend complaints following dismissal—even where the plaintiff did not seek to amend before the District Court—we have done so on direct appeal from those dismissals, not on appeal from a Rule 60(b) order. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542, 545 (11th Cir. 2002) (en banc). Kocsis's motion does request leave to amend her complaint, but it is not a valid motion under Rule 15(c);

7

instead, just as it is labeled, it is a post-judgment motion under Rule 60(b) seeking relief from a final judgment. Kocsis could have—and should have—raised in her first appeal her arguments about the denial of leave to amend her complaint before final judgment. And to the extent that Kocsis challenges the underlying summary judgment order, we may not review that underlying judgment because our scope of review is limited to the propriety of the District Court's denial of the Rule 60(b) motion. *See Am. Bankers Ins. Co. of Fla.*, 198 F.3d at 1338.

But more to the point, the District Court did not abuse its discretion by denying Kocsis's Rule 60(b) motion. In her motion, Kocsis essentially sought to reopen her case on the grounds that she misunderstood what claims she could have initially brought. Kocsis's misunderstanding of the law does not qualify her for relief under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(1); *Davenport*, 668 F.3d at 1324. But even if Kocsis—as a *pro se* litigant—was entitled to the *Pioneer* excusable neglect considerations, they cut against her arguments: reopening Kocsis's case to allow for new legal theories would plainly prejudice FSU, who has already gone through discovery and summary judgment proceedings. *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.

At bottom, Kocsis is constructively asking to file a new action, but she is precluded from bringing new legal theories and claims arising from the same operative nucleus of fact as her original complaint. *See Borrero*, 610 F.3d at 1306;

8

*Manning*, 953 F.2d at 1358–59.  Allowing Kocsis to start over in the District Court in this manner would allow her to end-run around the protections claim preclusion affords defendants.  *See Ragsdale*, 193 F.3d at 1238.

Accordingly, we affirm the District Court's denial of Kocsis's Rule 60(b) motion.

**AFFIRMED.**