[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12548
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01215-LMM

ANTOINETTE MARQUES,

Plaintiff - Appellant,

versus

JP MORGAN CHASE, N.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 20, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Antoinette Marques, *pro se*, appeals the denial of her post-judgment motions,

under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, seeking relief

from the district court's order granting summary judgment on Marques's complaint against JP Morgan Chase, N.A. ("Chase"), alleging various claims arising out of the foreclosure of her home.[1]  The court denied the Rule 59(e) motion as untimely and the Rule 60(b) motion as an attempt to relitigate matters that had already been addressed.  After careful review, we affirm.

We review for an abuse of discretion the denial of a motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *Arthur v. King*, 500 F.3d 1343 (11th Cir. 2007) (Rule 59(e)); *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996) (Rule 60(b)).

We first consider Marques's Rule 59(e) motion.  Rule 59(e) permits a party to file a motion to alter or amend the judgment.  Fed. R. Civ. P. 59(e).  Relief is proper

---

[1] On September 19, 2019, we entered an order dismissing the appeal as to the underlying final judgment but allowing the appeal to proceed as to the denial of Marques's post-judgment motions.  As we explained in that order, although Marques received an extension of time to file her post-judgment motions under Rules 59 and 60, Fed. R. Civ. P., these motions did not toll the time to file an appeal as they ordinarily would, *see* Fed. R. App. P. 4(a)(4), because the district court is prohibited from extending the time to file them.  *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300–01 (11th Cir. 2010) ("Because Rule 6(b)(2) prohibits extending the time to file a Rule 59(e) motion, the district court's grant of Green's motion for extension of time to file his motion for reconsideration did nothing to toll the time in which he had to file his Rule 59(e) motion.").  As a result, Marques's notice of appeal, though timely as to the denial of her post-judgment motions, was not timely to appeal the final judgment.  This was no fault of Marques, a *pro se* party who simply relied on the district court.  But unfortunately, we cannot excuse Marques's untimely filing because the "timely filing of a notice of appeal in a civil case is a jurisdictional requirement" that must be complied with, no matter the circumstances.  *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007).  However, we remind district courts of these rules and the consequences for *pro se* litigants.

under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact. *Arthur*, 500 F.3d at 1343.

A motion under Rule 59(e) must be filed within 28 days of the judgment. Fed. R. Civ. P. 59(e). The district court is prohibited from extending this time period. *See* Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300–01 (11th Cir. 2010) ("To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion."). Nevertheless, Rule 6(b)'s prohibition on extending the time to file under Rule 59(e) is a "claims-processing rule rather than a jurisdictional rule," which means a court may consider the merits of an untimely Rule 59(e) motion if the opposing party fails to object to the court's violation of Rule 6(b). *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010).

Here, the district court properly denied Marques's Rule 59(e) motion as untimely for two reasons. First, the motion was not filed within 28 days of the judgment. *See* Fed. R. Civ. P. 59(e). And the court was not authorized to extend that time period, despite its order purporting to do so. *See* Fed. R. Civ. P. 6(b). While Rule 6(b) is a claim-processing rule that may be forfeited, Chase properly

3

raised its objection to the time extension at the first available opportunity.[2] Accordingly, the court did not abuse its discretion by enforcing Rule 6(b), notwithstanding its prior order, and denying the Rule 59(e) motion as untimely. *See Advanced Bodycare*, 615 F.3d at 1359 n.15.

But even if we consider the time extension to be effective, the Rule 59(e) motion was still untimely. The district court ordered that Marques "shall have through and including April 29, 2019 to submit her 59(e) Motion." However, the district court received her motion on May 2, 2019, three days late. Although it appears that Marques mailed the Rule 59(e) motion on April 29, she cannot rely on the date of mailing because—except in cases of *pro se* inmates—a document is not deemed filed until it is received by the district-court clerk. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) ("[R]eceipt constitutes filing in the ordinary civil case . . . ."). So her motion was filed too late. Accordingly, the court did not abuse its discretion by enforcing the terms of its extension order.

Nor did the district court abuse its discretion in denying Marques's Rule 60(b) motion. Under Rule 60(b), courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment

---

[2] Because the motion for extension was granted within two days of its filing, Chase did not have an adequate opportunity to raise an objection to the extension at that time. As a result, Chase was permitted to raise its objection in response to the Rule 59(e) motion.

is no longer in effect; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To prevail on appeal from the denial of a Rule 60(b) motion, "it is not enough that a grant of the motion[] might have been permissible or warranted." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rather, the appellant must "demonstrate a justification for relief so compelling that the district court was required to grant [the] motion." *Rice*, 88 F.3d at 919.

Here, Marques has not shown any compelling justification that required relief from the judgment. Marques's briefing on appeal does not address the district court's reasoning for denying the Rule 60(b) motion, so we do not go into the substance of the motion except to note that we agree with the court's observation that it largely "merely repackages arguments that have previously been addressed." To the extent Marques raised new matters not previously addressed, we cannot say that these matters required the court to exercise its discretion and grant the motion. Accordingly, the court did not err in denying the motion.

Instead, Marques argues that the district court should have granted her Rule 60(b) motion as unopposed because Chase did not timely serve its response to the motion under the local rules. *See* N.D. Ga. R. 7.1(B) ("Any party opposing a motion shall serve the party's response . . . not later than fourteen (14) days after service of the motion . . . . Failure to file a response shall indicate that there is no opposition to the motion."). However, even assuming Chase's response was not timely served,

it was within the court's discretion to consider the belated response. *See* N.D. Ga. R. 7.1(F) ("The Court, *in its discretion*, may decline to consider any motion or brief that fails to conform to the requirements of these rules." (emphasis added)); *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) ("We . . . review a district court's application of local rules for an abuse of discretion.").

And in any case, even an unopposed motion does not automatically entitle the movant to relief. The district court still must assess the merits of the motion and determine whether relief is warranted under the applicable rules. *Cf. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."). Here, the court did so and properly denied relief under Rule 60(b).

Finally, Marques raises a number of challenges to the underlying judgment, including whether the court should have granted leave to amend. However, for the reasons explained in footnote 1, we lack jurisdiction to review that judgment. And an appeal from the denial of a Rule 60(b) motion "does not bring up the underlying judgment for review." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation marks omitted).

For these reasons, we affirm the denial of Marques's post-judgment motions.

**AFFIRMED.**

6