[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12838
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-24569-RNS

GLEN TOWNSEND,

Plaintiff-Appellant,

versus

VETERANS AFFAIRS REGIONAL OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 1, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Glen Townsend, proceeding pro se, appeals the district court's sua sponte dismissal of his complaint for failure to serve the defendant, the "Veterans Affairs Regional Office."[1] Townsend also appeals the denial of his motion to reinstate his complaint. Townsend argues that he properly served the defendant—or should have been granted an extension to do so—because the Florida Department of Veteran Affairs was untruthful about the address of the Board of Veterans' Appeals and he mailed a copy of the complaint to the Board of Veterans' Appeals three days after he received a case number.

We review a district court's sua sponte dismissal of a complaint for failure to serve under Rule 4(m) for an abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). We will affirm unless we conclude that the district court made a clear error of judgment or applied the wrong legal standard. *Id.* While we liberally construe the pleadings of pro se litigants, we still require conformity with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming dismissal of pro se litigant's complaint for defective service of process).

We also review for an abuse of discretion the denial of a motion for relief under Rule 59 or Rule 60. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

---

[1] In the complaint, Townsend alleged negligence and an Eighth Amendment violation regarding the denial of his disability claim based on a diagnosis of rhinitis.

(per curiam) (reviewing a Rule 59(e) motion); *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996) (reviewing a Rule 60(b) motion). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (alteration accepted). Under Rule 60(b), district courts may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer valid; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To prevail on an appeal from the denial of a Rule 60(b) motion, the appellant must demonstrate that his motion was so compelling that the district court was required to grant relief. *Rice*, 88 F.3d at 919.

To serve a United States agency, a party must serve the United States and send a copy of the summons and complaint to the agency by registered or certified mail. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must send a copy of the summons and complaint to the civil-process clerk at the U.S. Attorney's Office by registered or certified mail, and send a copy of the summons and complaint to the Attorney General in Washington, D.C., by registered or certified mail. Fed. R. Civ. P. 4(i)(1).

Under Rule 4, the plaintiff is responsible for serving a summons with a copy of the complaint within 90 days. Fed. R. Civ. P. 4(c)(1), (m). A summons must

fulfill the requirements of Rule 4(a)(1), including a signature from the clerk.  *See* Fed. R. Civ. P. 4(a)(1).  When a defendant is not served within 90 days of filing of the complaint, the district court, on motion or on its own after notice to the plaintiff, must either dismiss the action without prejudice or order that service be made by a specified time.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for failure to timely effect service, the district court must extend the time for service for an appropriate period.  *Id.*  A plaintiff may establish good cause by showing that an outside factor, rather than inadvertence or negligence, prevented service.  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).  Even if a district court finds that a plaintiff has failed to show good cause, it must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020).  Once the district court has considered such factors, it may exercise its discretion to either dismiss the action without prejudice or order service be made within a specified time.  *Id.*

Here, the district court did not abuse its discretion by dismissing Townsend's complaint for failure to effect service.  Townsend did not send or prove by affidavit that he had sent, by certified mail, a copy of the complaint and the summons to the United States or the defendant, whom he listed as the "Veterans Affairs Regional Office."  Fed. R. Civ. P. 4(i)(2), (l)(1).  Townsend also

4

did not provide the district court good cause for why an extension of time should be granted.  *See* Fed. R. Civ. P. 4(m).  Nevertheless, the district court properly considered whether there were any factors to warrant an extension of time.  *Bilal*, 981 F.3d at 919.  Furthermore, the district court did not abuse its discretion by denying Townsend's request to reinstate his complaint following its sua sponte dismissal, because Townsend never perfected service, paid the filing fee, or provided a reason to justify relief.  *See Arthur*, 500 F.3d at 1343; *Rice*, 88 F.3d at 919.  Accordingly, we affirm.

**AFFIRMED.**