[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13366

Non-Argument Calendar

_____

DR. EDWARD L. JONES,

Plaintiff-Appellant,

*versus*

DR. ANDREW HUGINE, JR.,
individually and officially as President of Alabama A&M University,
BRIAN RUBLE,
individually and officially,
CURTIS MARTIN,
individually and officially,
DR. DANIEL WIMS,
individually and officially,
ALABAMA A&M UNIVERSITY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:16-cv-00326-MHH

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Dr. Edward Jones appeals the denial of his motion for relief from the judgment, Fed. R. Civ. P. 60, filed nearly five years after the district court dismissed his lawsuit challenging the termination of his employment at Alabama A&M University. In the lawsuit, Jones complained that the University and several of its employees violated his federal civil rights, 42 U.S.C. § 1983, and Alabama law. We affirm.

## I. BACKGROUND

In February 2016, Jones sued the university; its former president Dr. Andrew Hugine; its former Dean of College Education, Humanities and Behavioral Sciences, Dr. Curtis Martin; its former Provost and Vice President for Academic Affairs, Dr. Daniel Wims; and a university police investigator, Brian Ruble. The complaint alleged that, as early as 2013, Jones, the Director of the Office of

Teacher Education and Certification, warned the university about various red flags that later came to the attention of institutional regulators. It alleged that, to "keep [Jones's] mouth shut," university administrators began a "retaliatory smear campaign" against him, which escalated around 2015, when he refused to participate in a committee that he believed was designed to cover up the university's problems.

The complaint further alleged that Wims, on October 13, 2015, placed Jones on administrative leave and, on January 14, 2016, recommended terminating Jones. It alleged that after Jones notified the university of his intent to appeal, Ruble and university police officers executed search warrants of Jones's home and personal property based on a false allegation that he had stolen university property. The complaint alleged that the unlawful searches of his "personal electronic data and records" yielded the evidence on which the university relied to terminate him. It also alleged that the university falsely accused him of professional incompetence, committing theft, and engaging in immoral conduct.

In March 2016, Jones moved for a temporary restraining order and a preliminary injunction to bar the university from terminating him without proper notice and a hearing. In his affidavit, Jones averred that he did not "have any information about the basis for the charges" against him. But he attached an "Intent to Terminate" letter, dated January 14, 2016, which stated, "The cause for termination is gross professional misconduct. You are charged with both using University resources to view obscene materials and the

production and/or creation of obscene materials. The behaviors which are the basis of these charges occurred on university property during duty hours." Jones also attached his termination letter, dated March 10, 2016, which stated that he was terminated immediately because "[t]here is convincing evidence that you have engaged in sexual conduct below minimum standards of professional integrity and misused University computing/electronic assets in gross violation of well-established University policy."

The university defendants opposed the motion for injunctive relief and moved to dismiss the complaint. In an attached affidavit, Ruble averred that the university property manager reported several missing computers to the police, including a laptop computer issued to Jones. On February 12, 2016, after obtaining and executing a warrant to search Jones's home for stolen property, Ruble retrieved a university-issued laptop and other items with the assistance of the Huntsville Police Department. A computer forensics expert reviewed the laptop and determined that three pornographic videos had been downloaded to it. According to Ruble, the videos depicted Jones masturbating on university property and receiving fellatio from two young males, who appeared to be about 20 years old, in a university classroom.

In May 2016, after a hearing, the district court denied injunctive relief because Jones failed to establish a substantial likelihood of success on the merits and because he had an adequate remedy at law. The district court granted the university defendants' motion to stay discovery until it ruled on their motion to dismiss.

In July 2016, Jones sought reconsideration of the denial of injunctive relief. He submitted a new affidavit averring that on the same day that Wims placed him on administrative leave in October 2015 due to "serious concerns raised by the Alabama State Department of Education [] as to the sufficiency of [] administrative processes," the university's Chief Information Officer and a locksmith went to his office to retrieve his computer and to change the locks. Jones stated that, on March 10, 2016, he was arrested at his home for theft of university property and terminated. Jones stated that he was not terminated because of performance or his alleged theft of property, but because of his sexual orientation.

In February 2017, the district court held a hearing on Jones's motion for reconsideration of injunctive relief. Jones stated that he had the opportunity to attend a grievance hearing at the university, but he did not attend because he "repeatedly asked for the information, the equipment, [and] the documentation that [the university] had," including information related to his criminal trial and the search of his home. Jones stated that he wanted his forensic specialist to review the items to determine whether the obscene material was located on university property, or if the material had been transferred over from personal devices like jump drives and cell phones that were seized from his office and home.

The university defendants responded that Jones and his previous counsel had viewed the obscene material that was evidence against him in university counsel's office with Ruble present. They argued that because Jones was aware of the evidence against him,

he could have participated in the grievance hearing. They argued that Jones was challenging his inability to conduct discovery before the grievance hearing, but the grievance procedure was not a lawsuit. They also argued that Jones's "voluminous document request" made it clear to them "that he was not only seeking discovery as to the particular electronic documents that were relied on in terms of his termination, but also discovery as to the box of documents related to the theft of monies" that formed the basis of the state criminal charge against him. And they asserted that it was the core acts of Jones's sexual misconduct on campus that was adequate grounds for his immediate termination, and the existence of recordings of that misconduct on university devices only added another layer to his misconduct.

During the evidentiary hearing, the district court dismissed Jones's Fourth Amendment claim. It ruled that the validity of the warrant to search his home was an evidentiary matter at issue in his ongoing state criminal case, so it was not a cause of action against the university defendants. The district court told Jones's counsel that it needed to avoid further delays in resolving the pending motion to dismiss:

> I want you to understand [] the challenge that the court faces, we have been working on trying to see if we could identify any claims in this case that could go forward for months now. Dr. Jones has changed attorneys a number of times. I have scheduled hearings at which no one has appeared. I'm still working from the original complaint in this action

and counsel for the plaintiff is saying that the court should be aware of this, the court should be aware of that, but the court is trying to resolve a motion to dismiss the complaint that is before the court.

[Jones's] counsel has had abundant time in which to amend the complaint, if [his] counsel chose to, and at some point the court needs not to have a moving target so that the court can resolve the pending motion.

On February 16, 2017, the district court denied Jones's motion for reconsideration of its denial of injunctive relief and dismissed the Fourth Amendment claim and several other claims with prejudice. The district court ordered the university to give Jones another opportunity to engage in the grievance process. Specifically, it ordered Jones to submit any information that he wanted the university to consider, and it ordered the university to provide a written response to Jones's supplemental information explaining whether the information changed its decision or required further proceedings. The district court ordered that Jones, after receiving the university's written response, either file an amended complaint to proceed with the action or file a notice voluntarily dismissing it. Because the district court anticipated receiving either an amended complaint or a notice of voluntary dismissal, it denied the motion to dismiss as moot. On March 10, 2017, the district court granted Jones's request for an extension and reiterated its instructions about filing an amended complaint.

Jones did not file an amended complaint, nor did he dismiss the lawsuit. Instead, he filed a discovery request for the electronic devices that allegedly contained the obscene material. He also requested information about other university employees who had been terminated for theft of property, sexual misconduct, or moral turpitude.

On April 27, 2017, the district court held a telephone conference with Jones and the university defendants and provided Jones an opportunity to explain why he disregarded its orders. The district court explained that, regardless of whether the obscene material was downloaded or stored on university property, the university had an adequate reason to terminate Jones because he engaged in sexual conduct in a classroom on campus, which Jones had not disputed.

The next day, the district court dismissed the lawsuit for failure to follow its orders, Fed. R. Civ. P. 41(b). The district court denied Jones's motion for reconsideration, Fed. R. Civ. P. 59(e). Jones did not appeal either the February or April 2017 dismissal orders.

Almost five years later, in February 2022, Jones moved to vacate the February 2017 order under Federal Rule of Civil Procedure 60(b)(6) and, alternatively, 60(d)(3), insofar as the order dismissed his Fourth Amendment claim for unlawful search. Jones asserted that in October 2017, he brought an employment discrimination and retaliation lawsuit against the university and had been able to obtain discovery, including a "box of documents" that contained an investigative file on him. He contended that the

documents related to the university's decision to terminate him and its post-termination investigation of him. Specifically, he argued that the file established that counsel for the university defendants deliberately lied to the district court at the February 2017 hearing when counsel represented that the file "related to theft of monies that were otherwise state funds that were collected by Dr. Jones." Jones argued that this false statement "trick[ed] the Court into believing the investigative file was not relevant to prevent dismissal of [his] Fourth Amendment Claim" and provided cause for the district court to vacate its February 2017 order under Rule 60(b)(6) or Rule 60(d)(3). In the same motion, he moved for leave to file an amended complaint adding defendants and to consolidate this lawsuit with his employment discrimination lawsuit.

The district court denied the motion to vacate the judgment. It recognized that it erred by dismissing with prejudice Jones's Fourth Amendment claim, instead of staying the claim until the state criminal proceeding resolved the lawfulness of the search, because a claim for damages for an alleged Fourth Amendment violation is unavailable in the state proceeding. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). But it explained that, even if it had not dismissed the Fourth Amendment claim in February 2017, it would have later dismissed the claim in its April 2017 order dismissing the lawsuit for failure to comply with its orders.

The district court ruled that Jones's evidence fell short of establishing that university counsel committed fraud on the court under Rule 60(d)(3). It explained that its *sua sponte* decision to dismiss

the Fourth Amendment claim had not been procured by fraud, the theft investigation was legitimate, and nothing established that the university had tampered with the administration of justice. It stated that, even if it found that the university defendants or their counsel misled the district court about the contents of the "box of documents," it still would not grant relief under Rule 60(d)(3) in the light of Jones's own lack of transparency during the litigation, which included his refusal to participate in the grievance process when ordered to do so and his first affidavit stating that he did not "have any information about the basis for the charges" when he already received two letters informing him that he was charged with "using University resources to view obscene materials and the production and/or creation of obscene materials . . . on University property and during duty hours" and that he was terminated for sexual misconduct and misuse of university assets.

The district court also ruled that Jones could not use a Rule 60(b)(6) motion as a substitute for an appeal. It explained that "[o]n another record, [its error in dismissing with prejudice the Fourth Amendment claim] might suffice to permit relief under Rule 60(b)(6), but here, Dr. Jones [could not] escape the fact that his litigation strategy ultimately is to blame for the dismissal of his claims in this action."

## II. STANDARD OF REVIEW

We review the denial of a motion under Federal Rule of Civil Procedure 60(b)(6) and (d)(3) for abuse of discretion. *Aldana*

*v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014); *Booker v. Dugger*, 825 F.2d 281, 285 (11th Cir. 1987).

### III. DISCUSSION

Jones argues that substantial justice required the district court to grant his motion under Rule 60(b)(6). We disagree. A district court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason" not covered by the rest of Rule 60(b) "that justifies relief." Fed. R. Civ. P. 60(b)(6). Because this is "an extraordinary remedy," Jones must establish "a justification for relief so compelling that the district court was *required* to grant [his] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). Our review of the ruling on a Rule 60(b) motion "is fairly circumscribed and deferential; this appeal does not bring up the underlying judgment for review." *Id.* (quotation marks omitted).

The district court did not abuse its discretion by ruling that, in the light of the entire record, this case did not present the kind of equitable factors that warrant Rule 60(b) relief. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (listing the factors that should inform the consideration of a Rule 60(b) motion). The district court considered the policy favoring the finality of judgments and that Jones's motion effectively was a belated appeal of its decision to dismiss his Fourth Amendment claim. *Id.* It ruled that, even assuming counsel for the university defendants misled it regarding the contents of the "box of documents," the equities did not weigh in favor of reviving Jones's claim in the light of his own conduct contributing to the dismissal of the lawsuit. *Id.* Indeed, the

record reflects various problems that Jones's litigation strategy caused the district court and the efforts the district court made to resolve these problems in a manner that was fair to him, including holding several hearings and telephone conferences and warning Jones before dismissing the lawsuit.

Jones argues that the district court failed to consider the merits of his re-framed Fourth Amendment claim. But the district court considered the evidence he submitted and ruled that he still "ha[d] not demonstrated that [the university] launched a bogus investigation into alleged theft by Dr. Jones as a ploy to investigate Dr. Jones's sexual misconduct" and found that the theft investigation was legitimate. We are not persuaded that the district court failed to consider the appropriate factors in denying Jones relief under Rule 60(b)(6), or that exceptional circumstances are present in this case that *required* the district court to grant him relief. *See id.*; *Rice*, 88 F.3d at 919. Insofar as Jones now challenges that the April 2017 order dismissing his lawsuit was reversible error too because he did not display willful contempt and lesser sanctions would have been appropriate, he cannot use his Rule 60(b) motion as a substitute for a timely appeal of that order. *See Rice*, 88 F.3d at 919.

Jones also argues that the district court "completely disregarded" the issue whether he offered sufficient evidence to establish fraud on the court under Rule 60(d)(3), but we disagree. A litigant may bring an independent action for relief under Rule 60(d), formerly the savings clause of Rule 60(b), which allows a district court to "set aside a judgment for fraud on the court." Fed. R. Civ.

P. 60(d)(3). To obtain this relief, the movant must establish "fraud on the court" by clear and convincing evidence of egregious misconduct. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). The movant also must establish that the adverse party obtained the verdict through fraud and employed an "unconscionable plan or scheme" to improperly influence the decision of the district court. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

The record contradicts Jones's argument that the district court failed to consider whether he had established fraud on the court. The district court considered his arguments about the investigative file and found that he "ha[d] not established that dismissal of his Fourth Amendment claims was procured by fraud." The district court explained that, even if it found that the investigative file was part of the same "box of documents" referenced by opposing counsel during the February 2017 hearing, and even if it found that opposing counsel had misled the district court about his knowledge of the contents of that box, those findings would not entitle Jones to relief under Rule 60(d)(3) because the presumedly "misleading" statement did not influence its decision to dismiss the claim under Rule 12(b)(6) or to dismiss the lawsuit for failure to comply with its orders. Jones could not use opposing counsel's statement as a basis to relitigate his Fourth Amendment claim. *See Travelers*, 761 F.2d at 1552.

Jones incorrectly argues that the district court violated the principle of party presentation when it relied on his "negligence" as a reason for finding that relief was unwarranted. *See United States*

*v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). But the university defendants argued in their response to Jones's motion that he lacked exceptional circumstances due to his own conduct. And even if they had not raised his conduct as a reason to his deny relief, the district court still was tasked with considering whether Jones "had a fair opportunity to present his claim" and "any other factors relevant to the justice of the judgment." *Seven Elves*, 635 F.2d at 402. The district court did not abandon its role as a "neutral arbiter of matters" to construct its own theories for denying relief. *See Sineneng-Smith*, 140 S. Ct. at 1579. And because we conclude that the district court did not abuse its discretion by denying Jones's motion for relief from the judgment, we deny his motion to supplement the record with affidavits that were not presented to the district court. *See Shahar v. Bowers*, 120 F.3d 211, 212 (11th Cir. 1997) (en banc).

## IV. CONCLUSION

We **AFFIRM** the denial of Jones's motion for relief from the judgment, **DENY** his motion to supplement the record, and **GRANT** his motion to withdraw his previous motion to file his reply brief with partial redactions.